
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GINO RIVES AND | ) | **4:23CR465-HEA/JMB** |
| ZELLA RIVES, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

The Grand Jury charges:

## COUNT 1

(Conspiracy to Commit Mail and Wire Fraud)

A. **Introduction**

1.    The Social Security Administration ("SSA") is a federal agency that administers social programs that provide retirement, survivor, and disability benefits to eligible individuals. One of the programs, the Supplemental Security Income Program ("SSI"), provides cash payments to individuals who are disabled and have little or no income or resources. SSI payments are funded by general revenue of the federal government.

2.    The Social Security Administration ("SSA") is a federal agency that administers social programs that provide retirement, survivor, and disability benefits to eligible individuals. One of the programs, the Supplemental Security Income Program ("SSI"), provides cash payments to individuals who are disabled and have little or no income or resources. SSI payments are funded by general revenue of the federal government.

3.    SSI payments can be affected by a job, self-employment, any activity that earns money, non-

1

work sources, and the income of a spouse or someone who they hold out to be a spouse.

4. When an SSI beneficiary is unable to manage their finances, the SSA will appoint an individual to receive payments on behalf of a beneficiary. The individual, or representative payee ("rep payee"), is to use the SSI payments to pay for the current and future needs of the beneficiary. In addition, the rep payee must report any changes or events which could affect the beneficiary's eligibility for benefits such as employment or a change in the conditions giving rise to the receipt of SSI payments.

5. The United States Treasury Department disburses SSI benefits to beneficiaries or their rep payees through electronic transmissions of funds into accounts at their designated financial institutions.

**B.    *The Conspiracy***

6. From on or about May 11, 2010, to August 30, 2023, **DEFENDANT GINO RIVES** ("Defendant Rives") and **DEFENDANT ZELLA RIVES** ("Defendant Zella Rives"), Defendant Rives' mother, acting with others known and unknown to the Grand Jury, knowingly, voluntarily and intentionally agreed to commit mail and wire fraud as follows:

a. The defendants conspired to devise a scheme to defraud the Social Security Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme described above, cause the delivery of mail through the United States Mail, in violation of 18 U.S.C. § 1341.

b. The defendants conspired to devise a scheme to defraud the Social Security Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the

2

scheme described above, cause the transmission of interstate wires in interstate commerce, in violation of 18 U.S.C. § 1343.

## C.   Ways, Manner, and Means of the Conspiracy

7.   Defendant Rives and Defendant Zella Rives, claimed that Defendant Rives had never worked due to a mental disability, did not own any type or resource, did not expect to have any income other than Social Security, and that he had not been accused or convicted of a felony when they applied for SSI benefits for Defendant Rives.

8.   On behalf of Defendant Rives, through a form titled "Function Report Adult – Third Party," Defendant Zella Rives advised the SSA of the following:

   a.   Defendant Rives does not go outside much;

   b.   Defendant Rives cannot drive;

   c.   Defendant Rives is unable to pay bills, handle a savings account, or use checkbooks/money orders;

   d.   Defendant Rives does not spend time with others;

   e.   Defendant Rives needs someone to accompany him places;

   f.   Defendant Rives has difficulty concentrating, following instructions, completing tasks, getting along with others, and memory; and,

   g.   When he is stressed, Defendant Rives gets whelps, shakes, and sweats.

9.   Defendant Rives and Defendant Zella Rives concealed from the SSA the following information:

   a.   The extent of the relationship between Defendant Rives and A.T., his significant other and mother of his children;

   b.   Defendant Rives' work in the fields of construction and tree trimming as early as 2008;

3

c.  Defendant Rives' training and competition in mixed martial arts;

d.  The State of Missouri issuance of a driver's license to Defendant Rives as early as November 26, 2007;

e.  Defendant Rives' 2009 arrest and conviction for the felony offense of Financial Exploitation of the Elderly;

f.  Through execution of a quit claim deed in 2017, Defendant Rives' ownership of 9427 Dorisann Court, St. Louis, Missouri from M.P., a person who was 86 years old;

g.  Defendant Rives' purchase and ownership of a 2017 GMC Sierra, a 2006 Chevrolet Corvette, a 2016 Mercedes E-Class Sedan, a 2014 Cadillac XTS, and a 2017 Cadillac Escalade ESV,

h.  Defendant Rives' purchase of a residence located at 4434 Dothan Drive, St. Louis, Missouri and subsequent transfer of it to Defendant Zella Rives;

i.  Defendant Rives' purchase of a residence located at 9833 Treadway, St. Louis, Missouri;

j.  Before the April 2023 death of A.B. at the age of 80, A.B. provided Defendant Rives checks drawn in the amount of $243,792 in 2021, $442,100 in 2022, and $35,800 in 2023; and

k.  Defendant Rives' management of financial transactions on behalf of M.P.

10.  Between on or about October 1, 2010 and continuing to on or about August 23, 2023, the United States Department of Treasury electronically transmitted SSI payments in excess of $88,000 to Defendant Zella Rives on behalf of Defendant Rives.

11.  Defendant Zella Rives, on behalf of Defendant Rives, caused the transmission of at least two SSI payments through the United States Mail.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

### (Making a False Statement)

12. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

13. On or about March 30, 2019, in the Eastern District of Missouri, the defendant,

### ZELLA RIVES,

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the Social Security Administration, an agency of the executive branch of the United States, by submitting a false and fraudulent Redetermination Summary for Determining Continuing Eligibility for Supplemental Security Income claiming that Defendant Rives and A.T. do not present themselves as husband and wife, that Defendant Rives' only resource is a Direct Express account, and that Defendant Rives does not receive any income other than SSI, when in fact, Defendant Rives presented himself as the husband of A.T., owned real and personal property, and received payments from individuals who were over the age of 80.

In violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## COUNTS 3 THROUGH 7

### (Wire Fraud)

13. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

### A. The Scheme to Defraud

14. Beginning on or about September 1, 2010, and continuing through on or about August 23, 2023, in the Eastern District of Missouri and elsewhere, the defendants,

5

devised, and intended to devise, a scheme and artifice to obtain money or property and to defraud the Social Security Administration by obtaining Supplemental Security Income benefits by means of materially false statements and representations, to wit, that Defendant Rives was eligible for SSI benefits from the Social Security Administration because he had a mental disability that prevented him from working and living independently and that Defendant Rives had no resources and income.

## B. The Wire Transmissions

14. On or about the dates listed below, in the Eastern District of Missouri and elsewhere, the defendants,

## GINO RIVES AND ZELLA RIVES

for the purpose of executing the above-described scheme to defraud, did cause to be transmitted, by means of interstate wire transmission, certain writings, signs, signals, pictures, and sounds, to include the electronic transmission of fraudulently obtained SSI payments to the account of Defendant Zella Rives:

| COUNT | DATE | TYPE OF PAYMENT | AMOUNT |
|-------|------|-----------------|--------|
| 3 | October 1, 2021 | Supplemental Security Income | $794.00 |
| 4 | April 29, 2022 | Supplemental Security Income | $841.00 |
| 5 | February 1, 2023 | Supplemental Security Income | $914.00 |
| 6 | March 31, 2023 | Supplemental Security Income | $914.00 |
| 7 | August 1, 2023 | Supplemental Security Income | $914.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

6

## COUNTS 8 THROUGH 12

(Theft of Government Funds)

15. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

16. On or about the dates listed below, in the Eastern District of Missouri, the defendants,

## GINO RIVES AND ZELLA RIVES,

did embezzle, steal, purloin, and knowingly convert to their use and the use of another, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, that being, Supplemental Security Income benefits in the amounts listed below:

| COUNT | DATE | FEDERAL FUNDS | AMOUNT |
|-------|------|---------------|--------|
| 8 | October 1, 2018 | Supplemental Security Income | $750.00 |
| 9 | August 1, 2019 | Supplemental Security Income | $771.00 |
| 10 | July 31, 2020 | Supplemental Security Income | $783.00 |
| 11 | December 30, 2021 | Supplemental Security Income | $794.00 |
| 12 | December 30, 2022 | Supplemental Security Income | $914.00 |

All in violation of Title 18, United States Code, Sections 641 and 2.

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

TRACY L. BERRY, 014753 TN
Assistant United States Attorney

7